___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING MOTION TO DISMISS [24]**

Before the court is Defendant Aetna Life Insurance Company LLC's ("Defendant") Motion to Dismiss the Fourth and Fifth Causes of Action of Plaintiff Glasscell PC's ("Plaintiff") Complaint. (Dkt. 24 ("Motion" or "Mot.").) Plaintiff opposes the Motion, (Dkt. 28 ("Opposition" or "Opp.")), and Defendant has replied, (Dkt. 29 ("Reply")). Based on the record, as applied to the applicable law, the Motion is **GRANTED**.

I.  Background[1]

Plaintiff is a healthcare provider that provided behavioral health services to patients insured by Defendant. (Dkt. 1-1 ("Complaint" or "Compl.") ¶¶ 1-2, 12-13.) Prior to treating the patients, Plaintiff alleges it "contacted [Defendant] and/or its agents via telephone to verify eligibility and request authorization" and Defendant "and/or its agents issued authorization to cover the full extent of services provided." (*Id.* ¶ 13.) After treating the patients, Plaintiff billed Defendant $82,024.78 but received payments totaling only $6,506.38, which Plaintiff alleges leaves Plaintiff undercompensated by $75,518.40. (*Id.* ¶¶ 14-15, 18.)

___

[1] For purposes of the Motion, the court accepts the factual allegations in the Complaint as true and construes the pleadings in the light most favorable to Plaintiff. *See, e.g.*, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

In this action, Plaintiff brings five claims against Defendant for (1) breach of implied contract; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200 *et seq*. ("UCL"); (3) unjust enrichment; (4) quantum meruit; and (5) account stated. (*Id.* ¶¶ 20-63.)  In the Motion, Defendant moves to dismiss each claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Mot.)  As noted, Plaintiff opposes the Motion, and the matter is fully briefed. (Opp.; Reply.)

**II.    Legal Standard**

   A.    Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (stating that, in ruling on a Rule 12(b)(6) motion, the court may consider attached exhibits).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level."  *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 556 (2007)). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing *Starr*, 652 F.3d at 1216). But, on the other, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

       are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d 979, 988 (9th Cir. 2001) (citations omitted).

### III. Discussion

    A.    <u>Breach of Implied Contract</u>

    Defendant argues Plaintiff's breach of implied contract claim fails because the Complaint acknowledges no written contract exists and its allegations are insufficient to establish the meeting of the minds was reached to form an implied contract. (Mot. at 8-11; Reply at 8-12.) Plaintiff asserts the Complaint's allegations sufficiently establish an implied-in-fact contract under California law. (Opp. at 10-14.)

    "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted). The essential elements of a contract under California law are (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. Cal. Civ. Code § 1550. A contract under California law may be express or implied. *Id.* § 1619. An implied contract's existence and terms "are manifested by conduct." *Id.* § 1621; *see also Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1050-51 (9th Cir. 2015) (noting "[a]n implied-in-fact contract requires proof of the same elements necessary to evidence an express contract" and that the distinction between the two "lies merely in the mode of manifesting assent") (cleaned up). "The only distinction between an implied-in-fact contract and an express contract is that, in the former, the promise is not expressed in words but is implied from the promisor's conduct." *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 794 (1953).

    "Mutual assent to contract is based upon objective and outward manifestations of the parties; a party's 'subjective intent, or subjective consent, therefore is irrelevant.'" *Stewart v.*

___

**CIVIL MINUTES – GENERAL**                              4

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01464-FWS-JDE                                    Date: February 16, 2024
Title: Glasscell PC v. Aetna Life Insurance Company *et al.*

---

*Preston Pipeline Inc.*, 134 Cal. App. 4th 1565, 1587 (2005) (quoting *Beard v. Goodrich*, 110 Cal. App. 4th 1031, 1040 (2003)) (citation omitted).  In this case, the Complaint alleges that Plaintiff "either obtained authorization to perform the services or was told no authorization was needed," (Compl. ¶¶ 23), and that Plaintiff "communicated with or attempted to communicate with Defendant[] and confirmed" the patients were policyholders of Defendant, (*see id.* ¶¶ 21-22).[2]  But "[t]he caselaw does not support [the] position that [allegations of] verification of benefits and authorization of services are sufficient to plead mutual assent for an implied contract claim" by themselves.  *See Stanford Health Care v. Blue Cross Blue Shield of N. Carolina, Inc.*, 2022 WL 195847, at *6 (N.D. Cal. Jan. 21, 2022) (collecting cases).  The court finds the Complaint includes insufficient additional factual allegations establishing mutual assent.  Accordingly, the Complaint does not sufficiently allege the existence of an implied contract and the court **DISMISSES** Plaintiff's claim for breach of implied contract.

    B.    <u>Quantum Meruit</u>

Defendant contends Plaintiff's quantum meruit claim should be dismissed because the Complaint does not allege Defendant requested Plaintiff perform medical services for the insured patients or that Defendant received a benefit from Plaintiff treating those patients.  (Mot. at 16-18; Reply at 14-15.)  Plaintiff maintains providing services to patients insured by Defendant benefitted Defendant and that Defendant's authorization was a request to perform the services.  (Opp. at 17-18.)

"Quantum meruit is an equitable theory which supplies, by implication and in furtherance of equity, implicitly missing contractual terms.  Contractual terms regarding a subject are not implicitly missing when the parties have agreed on express terms regarding that subject."  *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1419 (1996); *see also In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1273 (9th Cir. 1992) ("The whole point of quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants

---

[2] The Complaint also references an "Explanations of Benefits."  (Compl. ¶ 26.)  The relevance of this allegation to the existence of an implied contract is not clear from the Complaint or the parties' briefing.

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

but who do *not* have a contract—express or implied—with those defendants."). "Quantum meruit is based *not* on the intention of the parties, but rather on the provision and receipt of benefits and the injustice that would result to the party providing those benefits absent compensation." *In re De Laurentiis Ent.*, 963 F.2d at 1272 (citation omitted).

The court finds the Complaint does not allege sufficient facts indicating Defendant requested the services Plaintiff perform. In summary, the allegations state that Plaintiff treated patients who were policyholders of Defendant after Plaintiff contacted Defendant via telephone for authorization for those services. (Compl. ¶ 13.) The court finds the relevant allegations are insufficient to establish a request for services from Defendant necessary to establish a quantum meruit claim. *See Cal. Spine & Neurosurgery Inst. v. United Healthcare Servs., Inc.*, 2018 WL 6074567, at *2 (C.D. Cal. June 28, 2018) ("Courts have rejected the argument that a single verification telephone call made by a plaintiff represents an implied request for services by a defendant.") (citations omitted); *Pac. Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 215 (2017) (holding allegations that plaintiff "was not paid enough" and "conclusory allegations that [insurer-defendant] requested [plaintiff] treat the subscriber" were insufficient to "give rise to a valid quantum meruit claim"). Accordingly, Plaintiff's quantum meruit claim is **DISMISSED**.

C.  Unjust Enrichment

Defendant submits the court should dismiss Plaintiff's unjust enrichment claim because there is no separate cause of action for unjust enrichment under California law and the Complaint does not plead Defendant received an unjust benefit. (Mot. at 16-18; Reply at 13-14.) Plaintiff maintains that Defendant failing to compensate Plaintiff for the full amount of services Defendant provided to insured patients is sufficient. (Opp. at 16-17.)

Courts are split on whether California provides a separate cause of action for unjust enrichment. *See ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) ("Some California courts allow a plaintiff to state a cause of action for unjust enrichment, while others have maintained that California has no such cause of action.") (comparing *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014) with *Durell v. Sharp*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

*Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)).  However, where the Ninth Circuit has recognized that "in California, there is not a standalone cause of action for 'unjust enrichment,'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell*, 183 Cal. App. 4th at 1370; *Jogani v. Superior Court*, 165 Cal.App.4th 901, 911 (2008)), it has simultaneously permitted courts to "construe the cause of action as a quasi-contract claim seeking restitution," *id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)); *see also ESG Cap. Partners*, 828 F.3d at 1038 ("[T]his Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract.") (citation omitted).  Additionally, the California Supreme Court has suggested that "a direct action" for "unjust enrichment" may lie in certain circumstances.  *See Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000-08 (2015).

To the extent it is recognized as a separate cause of action, "[t]he elements of an unjust enrichment claim are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'" *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*, 532 F. Supp. 3d 956, 970 (S.D. Cal. 2021) (quoting *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).  "The fact that one person benefits another is not, by itself, sufficient to require restitution.  The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992) (citation omitted).

The court finds the Complaint inadequately pleads an unjust enrichment claim.  The Complaint alleges Defendant received a benefit from the services Plaintiff provided to patients insured by Defendant.  (Compl. ¶ 40.)  However, authority supports Defendant's position that it received no benefit from Plaintiff treating patients insured by Defendant.  *See Armijo v. ILWU-PMA Welfare Plan*, 2015 WL 13629562, at *24 (C.D. Cal. Aug. 21, 2015) ("[S]ervices provided by medical providers to patients do not inure to the benefit of insurers.") (citing *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 156 (2001)); *IV Sols., Inc. v. United HealthCare Servs., Inc.*, 2017 WL 3018079, at *11 (C.D. Cal. July 12, 2017) (finding quasi-contract claim failed because "it was [insurer's] members, not [insurer] itself, who benefitted from [provider's] services").  Even if providing services to an insured patient could constitute a benefit to Defendant in some circumstances, *see Stanford Health*

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

*Care*, 2022 WL 195847, at *10, the court finds the Complaint's allegations are too indeterminate for it to plausibly allege Defendant received such a benefit.[3]  Therefore, because this necessary element is lacking in the Complaint, the court concludes it does not state a claim for unjust enrichment.  Accordingly, Plaintiff's unjust enrichment claim is **DISMISSED**.

  D. <u>Account Stated</u>

 Defendant asserts Plaintiff's account stated claim fails because the Complaint does not allege a history of transactions between Defendant and Plaintiff, that they agreed to a balance on an outstanding debt Defendant owed to Plaintiff, or that Defendant promised to pay such an amount to Plaintiff.  (Mot. at 18-19; Reply at 15-16.)  Plaintiff argues the Complaint adequately pleads a cause of action based on an account stated as a common count.  (Opp. at 19-20.)

 California law considers an "account stated" cause of action to be a "common count" under California law.  *See, e.g.*, *Fagelbaum & Heller LLP v. Smylie*, 174 Cal. App. 4th 1351, 1355 (2009).  "The common count is a general pleading which seeks recovery of money without specifying the nature of the claim."  *Title Ins. Co. v. State Bd. of Equalization*, 4 Cal. 4th 715, 731 (1992) (quoting 5 Witkin, Cal. Procedure § 998 (3d ed. 1985)) (citation omitted).  While California law provides that "common counts are 'sufficient to state a cause of action,'" *Ladewig v. Bank of New York Mellon Corp.*, 2020 WL 7084541, at *3 (C.D. Cal. Sept. 22, 2020) (quoting *Weitzenkorn v. Lesser*, 40 Cal. 2d 778, 793 (1953)), "that rule of California procedure does not apply in federal court," *id.* (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938)).

 "An account stated is a document—a writing—which exhibits the state of account between parties and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract." *Gardner v. Watson*, 170 Cal. 570, 574

---

[3] Plaintiff's argument Defendant received a benefit by virtue of Plaintiff providing services to patients insured by Defendant because those patients would have necessarily received the same services at the same cost from another medical provider, (*see* Opp. at 16-17), lacks sufficient support in the Complaint.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

(1915) (citation omitted). "The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969) (citation omitted). "The key element in every context is agreement on the final balance due." *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (1987) (citation omitted).

The court finds the Complaint does not sufficiently allege the elements of a claim based on an account stated. Per the Complaint, Defendant reimbursed Plaintiff for only $6,506.38 of the $82,024.78 in medical services Plaintiff billed to Defendant, which were allegedly "reasonable and customary" charges. (Compl. ¶¶ 14-15, 61.) The Complaint does not sufficiently allege the parties explicitly agreed Defendant would pay the discrepancy between the amounts billed and paid, but relies on Defendant's failure to contest the bills to establish Defendant agreed to pay the outstanding difference. (*See id.* ¶ 62.) Generally, "[w]hen a statement is rendered to a debtor and no reply is made in a reasonable time, the law implies an agreement that the account is correct as rendered." *Maggio*, 196 Cal. App. 3d at 753 (citations omitted); *but see Cowell v. Snyder*, 171 Cal. 291, 295 (1915) ("[W]here liability had been long and persistently denied, the failure of a person to object to the correctness of a statement of account sent to him does not imply a promise to pay or convert the transaction into an account stated."). However, the Complaint inadequately alleges facts supporting an implied agreement on an outstanding debt. As it stands, the Complaint alleges in conclusory fashion that Plaintiff sent Defendant bills for "reasonable and customary" charges for medical services, but the Complaint does not allege enough of the particulars of the billing statement(s) allegedly sent to Defendant or other relevant details of the parties' conduct from which the court could infer an agreement to pay an amount stated on the invoice(s). (*See* Compl. ¶¶ 55-63 & Exh. 1.) Absent further detail, the court concludes the Complaint insufficiently alleges a claim based on an account stated. *See Martini E Ricci Iamino S.P.A.--Consortile Societa Agricola v. Trinity Fruit Sales Co.*, 30 F. Supp. 3d 954, 976 (E.D. Cal. 2014) ("[A]n 'action upon an account stated is not upon the original dealings and transactions of the parties,' rather it is 'upon the new contract by and under which the parties have adjusted their differences and reached an agreement.'") (quoting *Gardner*, 170 Cal. at 574); *Pro. Collection Consultants v. Lauron*, 8 Cal. App. 5th 958,

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

968 (2017) ("[A]n action on an account stated is not based on the parties' original transactions, but on the new contract under which the parties have agreed to the balance due.") (citation omitted).  Therefore, Plaintiff's account stated claim is **DISMISSED**.

    E.    <u>Violation of California's Unfair Competition Law</u>

Defendant argues Plaintiff's UCL claim fails because the Complaint fails to allege an inadequate remedy at law necessary for the equitable relief Plaintiff seeks under the statute and does not allege a violation of any of the statute's three prongs.  (Mot. at 11-16; Reply at 12-13.)  Plaintiff references the Complaint's allegations referring to California's Health and Safety Code as support for the merits of its claim, and maintains it appropriately seeks restitution as a remedy under the UCL.  (Opp. at 14-16.)

The UCL "prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'"  *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 320 (2011).  "A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices."  *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 173 (2000).  To have standing to bring a UCL claim, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., economic injury, and (2) show that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim."  *Kwikset*, 51 Cal. 4th at 322.

To succeed in their claim, a plaintiff must show the defendant violated either the "unlawful," "unfair," or "fraudulent" prong of the UCL.  *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) ("Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent.") (citation and internal quotation marks omitted).  The "unlawful" prong of the statute "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes

___

**CIVIL MINUTES – GENERAL**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

independently actionable." *Id.* (citation and internal quotation marks omitted). "A business practice is fraudulent under the UCL if members of the public are likely to be deceived." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (citing *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008)). The Ninth Circuit has recognized three tests courts employ to determine if a practice is "unfair" under the UCL: (1) "whether the challenged conduct is tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law"; (2) "whether the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers"; or (3) "whether the practice's impact on the victim outweighs the reasons, justifications and motives of the alleged wrongdoer." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010); *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009)).

Based on the record, the court agrees with Defendant that Plaintiff has not adequately alleged an inadequate remedy at law. A plaintiff seeking equitable relief under the UCL[4] in federal court must comply with traditional equitable principles, including establishing that there is no adequate remedy at law available. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841-44 (9th Cir. 2020); *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313-15 (9th Cir. 2022). The Complaint in this case bases its UCL claim on the same conduct as Plaintiff's claims seeking monetary damages—namely, Defendant's allegedly wrongful failure to pay the entirety of Plaintiff's claims for reimbursement for medical services Plaintiff provided to Defendant's insured patients—and does not allege facts indicating a legal remedy would be inadequate.[5] *See*

___

[4] "[T]he UCL provides only for equitable remedies." *Hodge v. Superior Ct.*, 145 Cal. App. 4th 278, 284 (2006).

[5] To the extent the Complaint pleads violations of California Health & Safety Code §§ 1371, 1371.35, 1371.36, 1371.37, and 28 California Code of Regulations §§ 1300.71 and 1300.71.38 for purposes of establishing a claim under the UCL's "unlawful" prong, (Compl. ¶ 35), neither the Complaint nor Plaintiff's opposition states the basis for these asserted violations beyond legal conclusions, (*see generally id.*; Opp.), and "the tenet that a court must accept as true all of

___

CIVIL MINUTES – GENERAL

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-01464-FWS-JDE | Date: February 16, 2024 |
| Title: Glasscell PC v. Aetna Life Insurance Company *et al.* | |

*Summit Est., Inc. v. Cigna Healthcare of Cal., Inc.*, 2017 WL 4517111, at *12 (N.D. Cal. Oct. 10, 2017) (dismissing UCL claim where plaintiff did not allege facts suggesting plaintiff lacked an adequate remedy at law based on defendant allegedly paying less than the amount defendant promised to reimburse plaintiff for treatment services provided by plaintiff to patients insured by defendant); *see also Aton Ctr., Inc. v. Regence Blue Shield of Wash.*, 2020 WL 4747754, at *8 (S.D. Cal. Aug. 17, 2020) (dismissing UCL claim based on allegations defendant improperly paid plaintiff only a fraction of the amount plaintiff billed defendant for the cost of treating patients insured by defendant because it was "incidental to and depend[ent] upon the validity (or invalidity) of the preceding claims for relief" and therefore "stand[s] or fall[s] depending on the fate of the antecedent substantive causes of action") (quoting *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001)).  Accordingly, the court **DISMISSES** Plaintiff's UCL claim.

## IV. Disposition

For the reasons stated, the Motion is **GRANTED**.  The court **GRANTS** Plaintiff leave to amend the Complaint.  *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.") (citation omitted).  Plaintiff is **DIRECTED** to file an amended complaint consistent with this Order within **twenty-one (21) days** of this Order.  Failure to file an amended complaint on or before the deadline set by the court will result in the dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

**IT IS SO ORDERED.**

___

the allegations contained in a complaint is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

___